

RECEIVED
IN LAKE CHARLES, LA
FEB 26 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **AMBROSE O. ESOGBUE** | : | **DOCKET NO. 2:06-cv-501**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **MICHAEL CHERTOFF, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a "Petition for Judicial Review of Determination on Application for Naturalization" filed by *pro se* petitioner, Ambrose O. Esogbue. By this petition, the petitioner seeks to have the court review the denial of his application for naturalization. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND

Petitioner was born in Nigeria on March 27, 1947. He became a lawful permanent resident of the United States on September 24, 1974. *See* Government Exhibit 1, Tab A.

On September 17, 1980, petitioner was convicted of attempted possession of marijuana and sentenced to a fine of $1000 or 6 months in jail. *See* Government Exhibit 1, Tab B.

On August 17, 1994, petitioner was convicted in the United States District Court for the Southern District of Texas of Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371 and Wire Fraud in violation of 18 U.S.C. § 1343. For these offenses, petitioner was sentenced to 37 months imprisonment, to be followed by 36 months of supervised released. *See* Government

Exhibit B. He was also ordered to pay restitution in the amount of $ 980,000. *Id.*

Based upon his convictions, the INS issued an Order to Show Cause on March 8, 1996, charging petitioner with being deportable under INA § 241(a)(2)(B)(I) as an alien convicted of a controlled substance violation, § 241(a)(2)(A)(ii) as an alien convicted of two or more crimes involving moral turpitude not arising out of a single scheme of misconduct, and § 241(a)(2)(A)(iii) as an alien convicted of an aggravated felony. *See* Government Exhibits, Tab C.

On January 23, 1997, an immigration judge in Dallas, Texas found petitioner to be deportable as charged and ordered his removal from the United States. *See* Government Exhibit D. Petitioner appealed this decision to the Board of Immigration Appeals (BIA). Because the entire record from the deportation proceedings could not be located, the BIA remanded the matter to the immigration judge to obtain a transcript or create a reviewable record. *Id.*

On remand, another immigration judge conducted *de novo* deportation proceedings, and on September 29, 1999, petitioner was again ordered deported based upon the findings of the immigration judge that petitioner was convicted of an aggravated felony, a controlled substance violation, and more than one crime involving moral turpitude. *Id.*, p.8. The immigration judge also found that petitioner had not applied for relief from removal. *Id.*, p.7. Petitioner appealed this decision to the BIA. On May 12, 2000, the BIA affirmed the decision of the immigration judge finding petitioner deportable as charged and dismissed his appeal. *See* Government Exhibits, Tab E. Thereafter petitioner sought various types of relief from the BIA with no success. *Id.*

On June 25, 2002, petitioner submitted an Application for Naturalization. *See* Government Exhibits, Tab F. In this application, petitioner admitted that he had been convicted of criminal offenses and that he had been ordered removed from the United States. On March 9, 2005,

petitioner's naturalization application was denied based upon the following findings: (1) petitioner lacked the requisite good moral character and (2) petitioner was under a final removal order. *See* Government Exhibits, Tab G. Petitioner appealed this decision, and on May 10, 2005 the District Director for the U.S. Citizenship and Immigration Services (USCIS) affirmed the denial of petitioner's application. *See* Government Exhibits, Tab G.

On March 23, 2006, petitioner filed this petition seeking judicial review of the denial of his application for naturalization pursuant to 8 U.S.C. § 8 U.S.C. § 1421(c). Because petitioner had exhausted the available administrative remedies, this court directed that this petition be served on the respondent. In response to the petition, the respondent has filed a "Motion to Dismiss, alternatively, for Summary Judgment." By this motion, the respondent seeks to have the court dismiss the petition on grounds of untimeliness and because petitioner is subject to a final order of removal. Alternatively, the respondent argues that the USCIS properly denied petitioner's application for naturalization.

## LAW AND ANALYSIS

### Jurisdiction

The respondent argues in its Motion to Dismiss that petitioner's untimely petition and his final removal order preclude this court from reviewing the decision to deny petitioner's application for naturalization.

In § 310(c) of the Immigration & Nationality Act (INA), Congress has specifically granted jurisdiction to federal courts to review the denial of an application for naturalization. This provision is codified at 8 U.S.C. § 1421(c) and states as follows:

A person whose application for naturalization under this title is denied, after a

3

hearing before an immigration officer under section 336(a) [8 U.S.C. § 1447(a)], may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

"This grant of authority is unusual in its scope– rarely does a district court review an agency decision *de novo* and make its own findings of fact." *Nagahi v. Immigration & Naturalization Service*, 219 F.3d 1166, 1169 (10th Cir. 2000).

Title 8 U.S.C. § 1421(c) does not specify a time limit for seeking judicial review. However, on October 7, 1991, the Immigration & Naturalization Service promulgated a regulation, 8 CFR § 366.9(b) which purports to limit the time for filing a petition for review in the federal district court to 120 days after the agency's final determination. In considering this regulation and its effect on federal court jurisdiction, the Tenth Circuit found that this regulation was an attempt by the agency to regulate the scope of judicial power vested by statute and declined to apply the regulation to bar review. *Nagahi*, 219 F.3d at 1171; *see also Acosta v. Immigration & Naturalization Service*, 2006 WL 2848117, *2-3 (SDNY 2006); *Montero v. Department of Homeland Security*, 2006 US Dist. LEXIS 21092 (EDNY 2006); *see also Aparicio v. Blakeway*, 302 F.3d 437, 440 (5th Cir. 2002)("Judicial review of naturalization denials is always available and is de novo...."). This court finds the reasoning in *Nagahi* to be persuasive and declines to recommend dismissal of this petition on grounds of untimeliness.[1]

The respondent also argues that this court lacks jurisdiction to consider this petition because

---

[1] The court notes it is questionable whether petitioner was ever informed of the 120 day deadline imposed by 8 CFR § 336.9(b). The decision denying his application only cited INA § 310(c), and as stated above, this statute contains no express time limit for seeking judicial review.

4

petitioner is under a final order of removal. In support of this argument, the respondent cites 8 U.S.C. § 1429 which provides in pertinent part as follows:

> Notwithstanding the provisions of section 405(a) of this Act, and except as provided in sections 328 [8 U.S.C. § 1439] and 329 [8 U.S.C. § 1440] no person shall be naturalized against whom there is outstanding a final finding of deportability pursuant to a warrant of arrest issued under the provisions of this or any other Act; and no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this or any other Act . . . .

However, this statute does not expressly limit the jurisdiction vested in federal courts by § 1421(c) to review the administrative denials of naturalization applications. Courts which have considered similar arguments have found that § 1429 does not divest the courts of the jurisdiction which is clearly granted by § 1421(c). *See Bellajaro v. Schiltgen*, 378 F.3d 1042 (9th Cir. 2004); *Zayed v. United States*, 368 F.3d 902 (6th Cir. 2004); *Trujillo v. Barrows*, 2006 WL 3759903 (E.D. Tex. 2006). This court agrees with the reasoning of those courts and finds that it has jurisdiction to review the denial of petitioner's application for naturalization.

## Review of Denial of Application for Naturalization

To become a naturalized citizen of the United States, the applicant must meet certain statutory requirements, including sufficient periods of residency and physical presence and "good moral character" during these periods. 8 U.S.C. § 1427(a). Additionally, the applicant must not be under a final order of removal. 8 U.S.C. § 1429. The burden is on the alien to prove eligibility in every respect, and any doubts regarding eligibility for naturalization are resolved in favor of the government and against the applicant. *See Berenyi v. District Director, INS*, 87 S.Ct. 666 (1967); *INS v. Pangilinan*, 108 S.Ct. 2210 (1988); *see also Edem-Effiong v. Acosta*, 2006 WL 626406 (S.D. Tex 2006).

Petitioner argues that he meets all of the criteria for naturalization, including good moral character during the statutory period of five years before his the application was filed until the present time. *See* 8 U.S.C. § 1427(a)(3); 8 CFR § 316.2(a)(7). In support of his position, the petitioner states that the criminal behavior for which he was convicted in 1994 occurred prior to November 29, 1990 and that for at least five years prior to the date of his application for naturalization (June 25, 2002), he has been a person of good moral character. However, it is undisputed that petitioner was convicted of an aggravated felony in 1994 and that as a result of this criminal behavior, he was ordered removed from the United States. The final removal order which is outstanding against petitioner precludes his naturalization. 8 U.S.C. § 1429. Furthermore, petitioner's conviction precludes a finding of good moral character. Title 8 CFR § 316.10 states in pertinent part as follows:

> *Finding of a lack of good moral character.* (1) An applicant shall be found to lack good moral character, if the applicant has been: . . . (ii) Convicted of an aggravated felony as defined in section 101(a)(43) of the Act on or after November 29, 1990.

Petitioner's conviction occurred after November 29, 1990, and it is the date of the conviction and not the date of the criminal behavior which is relevant for purposes of this regulation.

Based upon the evidence in the record, the court finds that petitioner has failed to show that he is entitled to citizenship through naturalization or that the USCIS wrongly denied his naturalization application. Accordingly,

IT IS RECOMMENDED that the respondent's Motion for Summary Judgment be GRANTED and that this "Petition for Judicial Review of Determination on Application for Naturalization" be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days

from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, February 26, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE